09-5114-ag
Ni v. Holder

BIA
Schoppert, IJ
A094 787 864

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
> ROGER J. MINER,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

_____

ZHOU TONG NI,
> *Petitioner,*

v.                                    09-5114-ag
                                      NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; John C. Cunningham, Senior
                       Litigation Counsel; John B. Holt,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice, Civil
                       Division, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhou Tong Ni, a native and citizen of the People's Republic of China, seeks review of a November 17, 2009 decision and order of the BIA affirming the March 3, 2008 order of Immigration Judge ("IJ") Douglas Schoppert, denying Ni's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhou Tong Ni,* No. A094 787 864 (BIA Nov. 17, 2009), *aff'g* No. A094 787 864 (Immig. Ct. N.Y. City Mar. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, where "the BIA agrees with the IJ's conclusion that a petitioner is not credible . . . we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d

2

99, 104 (2d Cir. 2008). Under the REAL ID Act, which applies to Ni's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original); *see In re: J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007) ("[T]he REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'").

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ reasonably found Ni not credible based on: (1) a conflict between (a) Ni's testimony that he was arrested by five police officers while practicing Falun Gong with six other people inside his parents' home and (b) his parents' affidavit, which indicated that they first learned of Ni's arrest from a third person - indicating that Ni was arrested while practicing Falun Gong at a location other than his parents' home; (2) both Ni's and his sister's inconsistent testimony regarding how Ni obtained his household registration document; (3) Ni's inconsistent

3

testimony regarding how he obtained his birth certificate; and (4) Ni's demeanor. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (according deference to an IJ's finding "[s]o long as an inferential leap is tethered to the evidentiary record"). We further find no error in the IJ's refusal to credit the inconsistent explanations Ni offered. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, contrary to Ni's argument, the IJ reasonably refused to accord evidentiary weight to photographs Ni submitted because Ni was unable to identify the other individuals in the photographs and because Ni admitted that the pictures were taken solely for litigation purposes. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 324 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Because Ni's claims were all based on the same factual predicate, the agency's adverse credibility determination was a proper basis for denial of his applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk